IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| **JEROME L. GRIMES,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-19-3506 |
| **MONTGOMERY COUNTY, MARYLAND,** | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Jerome L. Grimes brings this civil action against Defendant Montgomery County alleging claims related to a June 1, 2016 traffic stop. ECF No. 1. Pending before the Court is Defendant's Motion to Dismiss, ECF No. 8, Plaintiff's Motion for Leave to File a Second Amended Complaint, ECF No. 10, Plaintiff's Motion for Extension of Time, ECF No. 17, and Plaintiff's Motion for Leave to File a Third Reply to Defendant's Motion to Dismiss, ECF No. 19. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Defendant's Motion to Dismiss and Plaintiff's Motion for Extension of Time are granted, and Plaintiff's Motion for Leave to File a Second Amended Complaint and Motion for Leave to File a Third Reply are denied.

I.  **BACKGROUND**[1]

   **A. Plaintiff's Allegations**

Plaintiff's filings are difficult to parse, but it appears his claims stem from a June 1, 2016 traffic stop by Montgomery County Police Officer Robert Farmer. ECF No. 4 at 6; *see also* ECF No. 14 at 7.[2] Plaintiff alleges that he was arrested on false grounds, ECF No. 4 at 6, and that the false arrest was possibly a "covert attack against citizens and tourists." *Id.* at 9.[3] Plaintiff next alleges that a Maryland District Court clerk, Karina Dixon, failed to send him a notice to appear in court regarding his traffic offenses with the proper date, leading him to call the court on February 16, 2017. ECF No. 4 at 6; *see also* ECF No. 14 at 8. According to Plaintiff, Ms. Dixon falsely accused him of threatening to blow up the courthouse during that call, for which he was arrested. ECF No. 4 at 6; *see also* ECF No. 14 at 7.[4] Plaintiff alleges that the false arrest and

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[2] An examination of the state court docket reveals there were eight Montgomery County traffic cases involving Grimes in 2016. Grimes was cited for the failure to display his license to uniform police on demand, driving without a required license and authorization, driving on a revoked out-of-state license, driving while license is suspended, driving on a suspended out-of-state license, failure to attach vehicle registration plates at front and rear, failure to display registration card upon demand by police, and driving without current registration plates and validation tabs. *See State v. Grimes*, Citation Nos. 16PODHH, 16QODHH, 16RODHH, 16SODHH, 16TODHH, 16VODHH, 26WODHH, & 16XODHH (District Court for Montgomery County). All citations were nolle prossed on July 24, 2017. *See State v. Grimes*, Case No. 131689C, http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

[3] *See also Grimes v. Farmer*, Case No. PX-17-3367, ECF No. 21-2 (D. Md. Oct. 24, 2018) (alleging Farmer stopped Plaintiff from leaving the state of Maryland for his "paramilitary opportunity against the civilian plaintiff in violation of the 1949/( 1977) Geneva Convention, to try and have the plaintiff murdered without a mobile unit on a covert battle field, Maryland & D.C., of TRANSPORTATION vehicle Terror Attacks in and around the sensitive worksites in the USA, Its Territories, At Home, and Abroad sometimes SIMULTANEOUSL Y [sic], but this covert predictable & probable conspired covert terror attack against the In Pro Se, Plaintiff was unsuccessful by, Robert Farmer's, Inter-State or Local Shills/(Karina Dixon . . .), because the plaintiff used a conscious effort to stay mobile on a diesel Greyhound bus mobile TRANSPORTATION vehicle inter-state with expensive bus fare on the night of, June 01, 2016 [sic].").

[4] Additionally, on February 26, 2017, a warrant was issued for Grimes on counts of arson/threat and making a false statement with regard to a destructive device. *See State v. Grimes*, Case No. 5D00368618 (District Court for Montgomery County). The case was transferred to the Circuit Court for Montgomery County on May 11, 2017. On July 12, 2017, a guilty plea was entered on one count of telephone misuse and Grimes was sentenced to a three-year term, all suspended, with 105 days credit for time served. A supervised period of one-year probation was imposed. *See State v. Grimes*, Case, No. 131689C, http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

falsified bomb threat resulted in six[5] months of incarceration as well as financial damages. ECF No. 4 at 6. He thus brings claims for negligence, false arrest, false imprisonment, defamation, and violation of his First, Fourth, Eighth, Ninth, and Fourteenth Amendment rights. ECF No. 4 at 4, 9.

### B. Procedural History

Plaintiff has filed at least seven complaints regarding the June 1, 2016 traffic stop, several of which also raise claims related to the February 16, 2017 bomb threat. He filed the first on July 1, 2016. *See Grimes v. Farmer*, No. CV PX-16-02468, Memorandum Opinion, ECF No. 3 at 1 (D. Md. Aug. 15, 2016). The Court dismissed the case without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a). *Id.* at 2 ("The court has thoroughly examined the complaint and finds it is insufficient and fails to comply with federal pleading requirements. Instead of a concise statement of facts as to the underlying cause of action, the complaint is replete with legal statements and conclusions. Portions of the complaint are nonsensical.").

Next, Plaintiff filed four complaints that were dismissed without prejudice under 28 U.S.C. § 1915(g), which prohibits a prisoner from bringing a civil action if three prior filings were deemed frivolous or failed to state a claim upon which relief may be granted. He filed one complaint on April 10, 2017, in the United States District Court for the Western District of Louisiana, while confined at the Escambia County Jail in Pensacola, Florida. *See Grimes v. Engram*, No. CV PX-17-1480, 2017 WL 2423523, at *1 (D. Md. June 5, 2017). He filed a second on May 25, 2017, in the United States District Court for the District of Columbia, while he was detained at the Montgomery County Department of Corrections and Rehabilitation in Boyds, Maryland. *See Grimes v. Roman*, No. CV PX-17-2125, 2017 WL 3480799, at *1 (D. Md.

---

[5] In other parts of the Amended Complaint and Proposed Second Amended Complaint, Plaintiff says he was incarcerated for seven months. ECF No. 1 at 7; ECF No. 14 at 8.

Aug. 14, 2017). Both cases were transferred to this Court under 28 U.S.C. § 1406 and dismissed. *See Grimes v. Engram*, 2017 WL 2423523, at *1; *Grimes v. Roman*, 2017 WL 3480799, at *1. He then filed two complaints in this Court—on August 11, 2017, and August 21, 2017—while a patient at the Springfield Hospital Center ("SHC") in Sykesville, Maryland, having been involuntarily committed. *See Grimes v. Farmer*, No. CV PX-17-2331, Memorandum Opinion, ECF No. 3 (D. Md. Sept. 27, 2017); *Grimes v. Farmer*, No. CV PX-17-2417, 2017 WL 4167409, at *1 (D. Md. Sept. 20, 2017). In addressing all four actions, this Court found that Plaintiff had filed hundreds of cases in federal courts—thirty-six actions were dismissed under § 1915(g) in 2003 alone—and that because Plaintiff had, "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g), he was prohibited from filing a further action *in forma pauperis* unless he was under imminent danger of serious physical injury. *See Grimes v. Engram*, 2017 WL 2423523, at *2; *Grimes v. Roman*, 2017 WL 3480799, at *2; *Grimes v. Farmer*, No. CV PX-17-2331, Memorandum Opinion, ECF No. 3 at 2; *Grimes v. Farmer*, 2017 WL 4167409, at *2.

Following his discharge from SHC on September 28, 2017, Plaintiff filed a sixth action *in forma pauperis* against Officer Farmer and the Montgomery County Police Department on November 13, 2017. *See Grimes v. Farmer*, No. CV PX-17-3367, Memorandum Opinion, ECF No. 3 at 1 n.2 (D. Md. Feb. 1, 2018). Because Plaintiff was no longer detained, the restriction of § 1915(g) no longer applied, and this Court granted Plaintiff's motion for leave to proceed *in forma pauperis*. *Id.* at 2 n.3. In this latest iteration, Plaintiff only included allegations concerning the June 1, 2016 stop in his complaint, not the February 16, 2017 bomb threat. *See Grimes v.*

*Farmer*, No. CV PX-17-3367, ECF Nos. 1, 4, 5, 21. After allowing Plaintiff several opportunities to amend his complaint—Plaintiff ultimately proceeded against the County as a municipality rather than against Officer Farmer and the police department—this Court dismissed the action for failure to state a claim on October 13, 2019. *Grimes v. Farmer*, No. CV PX-17-3367, 2019 WL 5423188, at *2 (D. Md. Oct. 23, 2019).

Soon after, on December 9, 2019, Plaintiff filed his seventh and—at this point—final complaint against Montgomery County, Montgomery County Police Department, and "Montgomery County District Traffic Court Clerks." ECF No. 1 at 2. Plaintiff amended his Complaint on February 3, 2020, to assert claims against only Montgomery County. ECF No. 4 at 2.

On March 2, 2020, Defendant filed a Motion to Dismiss. ECF No. 8. On March 11, 2020, Plaintiff filed a response opposing Defendant's Motion to Dismiss, ECF Nos. 11, 13, as well as a Motion for Leave to File a Second Amended Complaint, ECF Nos. 10, 14. On June 16, 2020, Defendant filed a Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, ECF No. 15, as well as an Opposition to Plaintiff's Motion for Leave, ECF No. 16. On July 1, 2020, Plaintiff filed a Motion for Extension of Time to file a reply in support of his Motion for Leave. ECF No. 17.[6] He filed his reply on July 6, 2020. ECF No. 18. The same day, Plaintiff moved for leave to file a sur-reply to Defendant's Motion to Dismiss, ECF No. 19, which he filed the following day, July 7, 2020, ECF No. 20. Defendant filed a response opposing Plaintiff's motion on July 16, 2020. ECF No. 21.[7]

---

[6] Plaintiff's Motion for Extension of Time is granted.
[7] The sur-reply raises arguments that could have been raised earlier and is therefore denied, *see MTB Servs., Inc. v. Tuckman-Barbee Const. Co.*, No. CV RDB-02109, 2013 WL 1224484, at *6 (D. Md. Mar. 26, 2013); however, the Court did review the filing, and the arguments in the proposed sur-reply would not have changed the outcome of the Motion to Dismiss.

## II.     STANDARD OF REVIEW

To overcome a Rule 12(b)(6) motion, a complaint must allege sufficient facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In evaluating the sufficiency of the plaintiff's claims, the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). The Court should not grant a motion to dismiss for failure to state a claim unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989)). Federal courts have an "obligation to liberally construe a pro se [c]omplaint" and may consider additional facts and information supporting the complaint that is provided in an opposition to a motion to dismiss. *Rush v. Am. Home Mortg., Inc.*, 2009 WL 4728971, at *3 (D. Md. Dec. 3, 2009).

## III.    DISCUSSION

### A.  Constitutional Claims Under § 1983

Plaintiff alleges violations of his First, Fourth, Eighth, Ninth, and Fourteenth Amendment rights. ECF No. 4 at 4, 9. The Court understands these claims to be brought under 42 U.S.C. § 1983, which imposes civil liability on a person who, under color of State law, deprives any citizen of the United States or other person under the jurisdiction thereof of any right secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983. In this respect, § 1983 "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting

6

constitutional and statutory rights." *Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017) (citing *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)).

It is well-settled that municipalities and other local government units can be sued under § 1983 "when the execution of a government's policy or custom . . . inflicts the [plaintiff's] injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Thus, a viable § 1983 *Monell* claim consists of two components: (1) the municipality had an unconstitutional policy or custom; and (2) the unconstitutional policy or custom caused a violation of the plaintiff's constitutional rights. *See, e.g.*, *Bd. of Comm'rs of Bryan Cty., v. Brown*, 520 U.S. 397, 403 (1997); *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). In other words, a municipality is liable when a "policy or custom" is "fairly attributable to the municipality as its 'own,' and is . . . the 'moving force' behind the particular constitutional violation." *Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987) (internal citations omitted).

Plaintiff's Amended Complaint does not contain any allegations related to Montgomery County's role in the constitutional violations he alleges, only pointing to the actions of Officer Farmer and Ms. Dixon. Because the Amended Complaint, read most favorably to Plaintiff, does not aver any facts from which this Court may infer that Officer Farmer acted pursuant to an unconstitutional policy, pattern, practice or custom, Plaintiff has failed to state a § 1983 claim against Defendant, and his constitutional claims must be dismissed.[8]

---

[8] Moreover, because Ms. Dixon is not a County employee, but instead works for the State of Maryland, her actions are not relevant to § 1983 claims against the County. *See Kemp v. Harris*, No. CV WDQ-08-793, 2008 WL 11363697, at *4 (D. Md. Nov. 12, 2008) ("*Monell* did not create municipal liability for constitutional violations committed by non-employees. Thus, because BCPD officers are state employees, the City is not liable for their constitutional violations.").

### B. Tort Claims

Plaintiff also alleged common law claims against Defendant, including negligence, false arrest, false imprisonment, and defamation. However, these claims fail because Montgomery County is immune from suit. "Governmental immunity, which is enjoyed by counties and municipalities under Maryland law, is a more limited form of the sovereign immunity enjoyed by the State." *Gray-Hopkins v. Prince George's Cty., Maryland*, 309 F.3d 224, 232 (4th Cir. 2002) (citing *Austin v. City of Baltimore*, 405 A.2d 255, 256–57 (1979)). "Counties are afforded governmental immunity only when they perform governmental, as opposed to propriety functions." *Id.*; *see also DiPino v. Davis*, 354 Md. 18, 47 (1999). While that immunity is, accordingly, "much narrower than the immunity of the State, [it is] nevertheless . . . derived from the State's sovereign immunity." *Board of Educ. of Prince George's County v. Town of Riverdale*, 578 A.2d 207, 210 (1990). Because Ms. Dixon is not a County employee, Defendant cannot be held liable for torts she committed. *See Tani v. St. Mary's Cty., Md.*, No. CIV. PJM 08-1950, 2011 WL 3821058, at *5 (D. Md. Aug. 25, 2011) (citing *Rucker v. Harford Cty.*, 316 Md. 275, 292 (1989). Additionally, because Officer Farmer was acting in his capacity as a police officer enforcing state criminal law during the events at issue, which is "quintessentially governmental in nature," Defendant cannot be found liable for any torts he may have committed. *See DiPino*, 354 Md. at 48.[9]

### C. *Res Judicata*

Finally, Plaintiff's § 1983 *Monell* claims and defamation claim based on the June 1, 2016 traffic stop are also barred by *res judicata*. Although Defendant does not raise this argument, this

---

[9] Defendant also claims Plaintiff did not comply with the notice provisions of the Local Government Tort Claims Act (LGTCA), Md. Code Ann., Cts. & Jud. Proc. § 5-304. ECF No. 8-1 at 14–15. Plaintiff contends that evidence of his compliance was stolen. ECF No. 18 at 2–3.

Court may dismiss claims *sua sponte* under the doctrine of *res judicata* if it "is on notice that the issues presented in a suit have been previously decided . . . ." *Roberts v. Thrasher*, No. ELH-15-1906, 2015 WL 4485477, at *2 (D. Md. July 20, 2015) (quoting *Arizona v. California*, 530 U.S. 392, 413 (2000) (internal quotation marks omitted)); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) ("[T]he affirmative defense of res judicata—which serves not only 'the defendant's interest in avoiding the burden of twice defending a suit,' but also the important judicial interest in avoiding resolution of an issue that the court has already decided—may, in 'special circumstances,' be raised sua sponte." (quoting *Arizona*, 530 U.S. at 412–13)).[10] Further, "a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." *Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000)).

"*Res judicata*, also known as claim preclusion, bars a party from relitigating a claim that was decided or could have been decided in an original suit." *Mbongo v. JP Morgan Chase Bank*, *N.A.*, No. PWG-14-1620, 2014 WL 3845443, at *3 (D. Md. Aug. 4, 2014), *aff'd*, 589 F. App'x 188 (4th Cir. 2015) (quoting *Laurel Sand & Gravel Co. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008)). "For *res judicata* to prevent a party from raising a claim, three elements must be present: '(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action.'" *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d

---

[10] Because the prior action did not rule on Plaintiff's negligence, false arrest, and false imprisonment claims, *see Grimes v. Farmer*, No. CV PX-17-3367, 2019 WL 5423188, at *2 (D. Md. Oct. 23, 2019), this Court will not *sua sponte* find them precluded. *See Arizona v. California*, 530 U.S. 392, 412–13 (2000) (refraining from finding an issue precluded where "this Court plainly has not 'previously decided the issue presented,'" as "[w]here no judicial resources have been spent on the resolution of a question, trial courts must be cautious about raising a preclusion bar *sua sponte*, thereby eroding the principle of party presentation so basic to our system of adjudication" (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting))).

39, 42 (4th Cir. 1990)). "Even claims that were not raised in the original suit may be precluded if they arose from the same transaction or occurrence as those raised in the first suit and were available to the plaintiff at the time of the first suit." *Id.* at 210–11.

Here, all three elements of *res judicata* are met with respect to the Plaintiff's § 1983 *Monell* claims and defamation claim based on the June 1, 2016 traffic stop. First, this Court's prior opinion dismissing Plaintiff's suit on the basis of failure to state a claim did so with prejudice, *see Grimes v. Farmer*, No. CV PX-17-3367, 2019 WL 5423188, at *2,[11] and thus was a final judgment on the merits, *see Huang v. Salameh*, No. CIV. PJM 06-2444, 2010 WL 3245375, at *2 (D. Md. Aug. 16, 2010) ("A dismissal with prejudice satisfies the requirement of having a previous judgment on the merits."). Second, the matter involved the same parties—the same plaintiff brought suit against the same defendant in each case. *Compare Grimes v. Farmer*, No. CV PX-17-3367, 2019 WL 5423188, at *2 *with* ECF No. 4. Finally, the same causes of action—Plaintiff's § 1983 *Monell* claims and defamation claim—stemming from the same occurrence—the June 1, 2016 traffic stop—were adjudicated in the first suit. *Compare Grimes v. Farmer*, No. CV PX-17-3367, 2019 WL 5423188, at *2 *with* ECF No. 4; *see Ohio Valley Envtl. Coal*, 556 F.3d at 210–11 (4th Cir. 2009).[12] Thus, those claims are precluded.

---

[11] Because Judge Xinis' opinion does not state whether the dismissal is with or without prejudice, it is deemed to be with prejudice. *See Parrish v. Journigan*, 875 F.2d 316 (4th Cir. 1989) (per curiam) ("As the order dismissing Parrish's suit did not indicate whether dismissal was with or without prejudice, the dismissal is deemed to be with prejudice.") (citing Fed. R. Civ. P. 41(b)); *Harris v. Wells Fargo Bank N.A. for WaMu Mortg. Pass-Through Certificates Series 2006-PR-1 Tr.*, No. 3:16-CV-174-JAG, 2017 WL 838687, at *3 (E.D. Va. Mar. 3, 2017), *aff'd*, 693 F. App'x 232 (4th Cir. 2017) ("[A]n order such as Judge Spencer's which does not say whether it dismisses a claim with or without prejudice dismisses a case with prejudice").

[12] Although *res judicata* would normally bar all claims relating to the same transaction or occurrence that were available to the Plaintiff in the first suit, regardless of whether he actually brought those claims, *see Ohio Valley v. Aracoma Coal Co.*, 556 F.3d 177, 210–11 (4th Cir. 2009), because this Court raises the issue of preclusion *sua sponte*, it limits its determination to those claims already decided for the reasons stated above. *See supra,* n.10. Additionally, because Plaintiff did not raise claims related to the February 16, 2017 bomb threat allegation in *Grimes v. Farmer*—although he did in several of the prior cases dismissed under 28 U.S.C. § 1915(e)—those claims are not barred by *res judicata*.

**D. Motion for Leave to File Second Amended Complaint**

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to parties to amend pleadings "when justice so requires," Fed. R. Civ. P. 15(a)(2), leave should be denied where "the amendment would have been futile," *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)); *see also Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012). An amendment is futile "when the proposed amendment is clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510, or where it would fail to withstand a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

The Proposed Second Amended Complaint alleges two claims: (1) that Defendant was negligent in training its employees and officers, resulting in them falsifying statements and unlawfully depriving him of his vehicle; and (2) that Defendant invaded his privacy in violation of the Economic Espionage Act of 1996, the Uniform Trade Secret Act of 1979, and his right to privacy under the Fourteenth Amendment. ECF No. 14 at 4.

The first claim appears to be an amended § 1983 claim against Defendant. Presumably in response to Defendant's argument that Plaintiff had failed to allege the County had an unconstitutional policy or custom that caused a violation of Plaintiff's constitutional rights, Plaintiff now alleges that Officer Farmer "acted pursuant to a specific improper governmental policy or custom of not policing and training their police with candid conversations about the penalty of perjury, and antedated official state government records, invasion of privacy, covert terror actions, theft, illegal graft of automobiles for auctions, testimony, traffic citations, police reports, and affidavits, and/or the civil and criminal penalties without state actor immunity." ECF

No. 14 at 9. To the extent Plaintiff is now making a § 1983 claim under a "failure to train" theory, "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989). Courts in this District have thus found that, "when alleging an inadequate training policy, a complaint should contain facts revealing: (1) the nature of the training, (2) that the training was a 'deliberate or conscious' choice by the municipality, and (3) that the officer's conduct resulted from said training." *Lewis v. Simms*, No. AW-11-CV-2172, 2012 WL 254024, at *3 (D. Md. Jan. 26, 2012), *aff'd*, 582 F. App'x 180 (4th Cir. 2014) (citing *Drewry v. Stevenson*, No. WDQ–09–2340, 2010 WL 93268, *4 (D. Md. 2010 Jan. 6, 2010)). Plaintiff's bare conclusory allegation, without more, cannot support a § 1983 claim. *See Peters v. City of Mount Rainier*, No. GJH-14-00955, 2014 WL 4855032, at *5 (D. Md. Sept. 29, 2014); *Ross v. Prince George's Cty., MD*, No. CIV.A. DKC 11-1984, 2012 WL 1204087, at *9 (D. Md. Apr. 10, 2012); *Boliek v. Frendlich*, No. CV RDB 04–3655, 2005 WL 1363980, at *6 (D. Md. June 7, 2005).

If Plaintiff is instead seeking to add a state law negligence claim against Defendant, that claim would be futile as well, as "in Maryland, as in almost all common law jurisdictions, there can be no recovery against a municipal corporation for injuries occasioned by its negligence or nonfeasance in the exercise of functions essentially governmental in character." *Fowler v. Bd. of Cty. Comm'rs of Prince George's Cty.*, 230 Md. 504, 507 (1963). "The employment and supervision of police officers is a governmental function, and not proprietary or corporate." *Lanford v. Prince George's Cty., MD*, 199 F. Supp. 2d 297, 302 (D. Md. 2002). Accordingly,

here, as in *Lanford*, "governmental immunity protects the county from liability in tort for simple negligence." *Id.*

Plaintiff's privacy claim relies on a new allegation that, on June 1, 2016, Plaintiff was "covertly stalked using illegal tracking Kanine/(Canine) device and EAVESDROPPING equipment telephone tooth on plaintiff's physical person to stalk, intimidate, and illegally search, seize, and attempt to permanently deprive the plaintiff of His personal property." ECF No. 14 at 8. Plaintiff brings this claim under the Economic Espionage Act of 1966 and the Uniform Trade Secret Act of 1979,[13] which involve protection against theft of intellectual property, but Plaintiff fails to explain how the scant facts alleged show violations of these laws. The Court thus finds Plaintiff has failed to state a claim. Because amendment would, in turn, be futile, Plaintiff's Motion for Leave to File a Second Amended Complaint is denied.

### IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 8, and Plaintiff's Motion for Extension of Time, ECF No. 17, are granted. Plaintiff's Motion for Leave to File a Second Amended Complaint, ECF No. 10, and Plaintiff's Motion for Leave to File a Third Reply to Defendant's Motion to Dismiss, ECF No. 19, are denied. A separate Order follows.


Date: <u>March 2, 2021</u>                                                              __/s/_____
                                                                                                         GEORGE J. HAZEL
                                                                                                         United States District Judge

---

[13] Plaintiff also states that these offenses violated his Fourteenth Amendment privacy right, but because this is a constitutional claim that would be asserted against the County under § 1983, that claim fails—as stated above, Plaintiff has not pointed to an unconstitutional policy or custom that caused any of the alleged constitutional violations, and therefore has not stated a claim against Defendant.